# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES A. SINGLER, as Guardianship of Carrie Jones, | : : : | Case No. 1:18-cv-271 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| CONAGRA FOODS, INC., et al., | : : | |
| Defendants. | : | |

**ORDER DENYING MOTION TO QUASH SUBPOENAS TO THIRD PARTIES (DOC. 41) WITHOUT PREJUDICE TO REFILING IN THE DISTRICT OF ARIZONA**

This case is before the Court on the Motion to Quash Subpoenas to Third Parties (Doc. 41) filed by Plaintiff James A. Singler, as Guardianship of Carrie Jones. Pursuant to Fed. R. Civ. P. 45, Plaintiff asks the Court to quash the non-party subpoenas served on Dr. Michael Fox and Chemical Reconstruction Services, Inc. ("Chemaxx") on June 17, 2020. Plaintiff's counsel retained Dr. Fox and Chemaxx as non-testifying consultants in anticipation of litigation initially filed in the District of Connecticut on December 3, 2014, but has since expanded their retention to dozens of other exploding cooking spray cases, including this one. Plaintiff therefore argues that the subpoenas must be quashed because they require "disclosure of privileged or other protected matter" and "no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

Defendants ConAgra Foods, Inc. and Conagra Brands, Inc. (together, "Conagra") oppose the Motion to Quash on several grounds. Their first ground is that this Court

does not have authority to quash the subpoenas because this is not the district in which compliance with them is required. (Doc. 42 at PageID# 411) (citing Fed. R. Civ. P. 45(d)(3)(A)(iii)). Because Conagra's reasoning is sound, as discussed below, the Court does not consider any of the arguments going to the merits of the Motion to Quash.

In 2013, Rule 45 was substantially amended. The current version of Rule 45(d)(3) provides that, "[o]n timely motion, the court for *the district where compliance is required* must quash or modify a subpoena" that meets one of four criteria. Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Courts have interpreted this rule to deprive all courts, with the sole exception of the court where compliance is required, of jurisdiction to resolve the motion to quash. *See, e.g., Quashing or modifying a subpoena*, Federal Trial Handbook Civil § 21:8 (4th ed.) ("Thus, under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.") (citing *AngioScore, Inc. v. TriReme Medical, Inc.*, 2014 WL 6706873 (N.D. Cal. 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555 (D. Nev. 2014)). The U.S. Bankruptcy Court for the District of Colorado declined to hold that Rule 45 was jurisdictional. However, it still found that the issuing court "simply is not authorized by any statute or rule of civil or bankruptcy procedure to interject itself into a discovery dispute involving the production of documents where the 'place of compliance' is not within [district of the issuing court]" and the respondents were not the debtors. *In re SBN Fog Cap II LLC*, 562 B.R. 771, 776 (Bankr. D. Colo. 2016).

The subpoenas served on Dr. Fox and Chemaxx, who are not parties, require

compliance in Arizona, not the Southern District of Ohio.  (Doc. 41 at PageID# 274, 280.) Whether jurisdictional or not, this Court agrees that under Rule 45, the only court with the authority to adjudicate Plaintiff's Motion to Quash or (if appropriate under Rule 45(f)) to transfer the Motion to this Court, is the District of Arizona.

Plaintiff does not cite any authority holding otherwise.  Instead, he proposes renaming his motion a motion for protective order.  Yet, Plaintiff still argues that Conagra's subpoenas must be quashed under Rule 45.  If Rule 45 governs this dispute, then this Court does not have authority to adjudicate it.  *See E–Imagedata Corp. v. Digital Check Corp.*, No. 2:16-CV-1761-GMN-VCF, 2016 WL 4515928, at *1 (D. Nev. Aug. 29, 2016) (Rule 45 "requires the non-party challenging the subpoena to bring its challenge in the district where the issuing party has sought compliance, regardless of whether the subpoenaed non-party believes the choice was correct.").

For the reasons above, the Court hereby **DENIES** Plaintiff's Motion to Quash without prejudice to re-filing in the District of Arizona.

**IT IS SO ORDERED.**

                                                  UNITED STATES DISTRICT COURT
                                                  SOUTHERN DISTRICT OF OHIO

                                                  By:  */s/ Matthew W. McFarland*
                                                        JUDGE MATTHEW W. McFARLAND