IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES A. SINGLER, as guardianship of Carrie Jones, | : | Case No. 1:18-cv-271 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONAGRA FOODS INC., CONAGRA BRANDS, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DOC. 57)**

This case is before the Court on the Motion to Compel (Doc. 57) filed by Plaintiff James A. Singler, as guardianship of Carrie Jones. Plaintiff seeks to compel Defendant DS Containers, Inc. ("DSC") to respond to interrogatories and to produce privilege and redaction logs. DSC opposes the motion, which is fully ripe for review. (Docs. 59, 60.) For the reasons below, the Motion is **GRANTED IN PART**.

**I.    BACKGROUND**

Plaintiff's motion relates to interrogatories and requests for the production of documents served on DSC on April 21, 2020. Plaintiff moved to compel responses to this discovery in September 2020, and the Court granted the motion on December 2, 2020. (Doc. 50.) Shortly thereafter, the parties engaged in discussions regarding the timeline for DSC's responses because it was unable to meet the Court's deadline. According to Plaintiff, DSC has been dragging its feet in providing further responses

and refusing to engage in a meaningful meet and confer regarding the same.

DSC claims the burden to produce its responses to Plaintiff's discovery far exceeds what Plaintiff represented in his first motion to compel. To date, DSC has had to locate, retrieve, and review over 100,000 documents and has produced over 38,000 pages. DSC also claims that its responses have been delayed because of additional document requests served with Plaintiff's Rule 30(b)(6) deposition notices.

After the filing of the instant motion, DSC produced a privilege log, redaction log and supplemental interrogatory answers to Plaintiff and has continued to produce additional documents as late as March 5, 2021. (Doc. 60 at PageID# 685.) Yet, Plaintiff maintains that DSC's supplemental responses are still "woefully inadequate." (*Id.*)

II. ANALYSIS

Plaintiff moves to compel further responses to discovery interrogatories and document requests. Specifically, he seeks an order that (1) compels DSC to produce all responsive materials, including a privilege and redaction log, (2) imposes a sanction on DSC for its failure to provide complete responses to date, (3) imposes a daily sanction on DSC for every day that it fails to produce its responses by the Court's deadline, and (4) provides reimbursement of Plaintiff's attorney's fees and costs incurred in bringing this motion. The issues relating to DSC's discovery responses may be divided between its interrogatory responses and production of documents.

A. **DSC's Interrogatory Responses**

Plaintiff raises two issues regarding DSC's interrogatory responses. First, he argues that DSC improperly relied on Fed. R. Civ. P. 33(d) in its responses by referring Plaintiff to the same 36,337 pages of documents instead of providing the requested information. Second, Plaintiff asserts that DSC has still failed to expand its response to Interrogatory 13 to include information beyond that pertinent to the date of manufacture of the spray can at issue.

Rule 33(d) states:

(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Thus, a party responding to an interrogatory may refer the requesting party to business records in lieu of providing a written response if (1) the answer to the interrogatory may be determined by reviewing the records and (2) the burden of ascertaining that answer is substantially the same to either party. Moreover, the responding party cannot simply refer to "a mass of documents or records." *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 514 (W.D. Ky. 2010). It must identify the

specific documents that contain the requested information.

Here, Plaintiff argues that DSC could not have identified the specific documents from which its answers may be derived because it refers to the same very large range of pages produced (over 36,000 pages) in each of its responses. This is a persuasive argument. DSC is ordered to revise its interrogatory responses relying on Rule 33(d) to identify the specific range from which the necessary information may be obtained or to provide that information directly.

Plaintiff's second issue requires no further explanation. The Court previously ordered DSC to expand its response to Interrogatory No. 13 to include the requested date range. To the extent that DSC has failed to do so, it must now.

### B. DSC's Production of Documents

Plaintiff's only complaint about DSC's document production appears to be its timing. DSC has not been able to meet the Court's original deadline or the extended deadlines that it later agreed to with Plaintiff. From the parties' briefing, it appears DSC did little to no research into the burden of responding to Plaintiff's discovery requests before the Court's ruling on Plaintiff's first motion to compel. Instead, DSC decided to stand on its objection to the relevance of the requested materials. That decision was ill-advised because, as noted in the Court's prior order, weighing the benefit of the discovery against DSC's burden to produce it was a key factor in deciding whether to grant the motion to compel. Now, having discovered that its burden is quite heavy, DSC is struggling to complete its production in a timely manner.

As the Court does not discern any intent to delay proceedings, but rather a poor

choice of strategy, it declines the request to sanction DSC for its delay. In addition, although DSC refers to the additional document requests attached to Plaintiff's Rule 30(b)(6) deposition notice, they are not at issue. The Court therefore expresses no opinion regarding the propriety of those requests under the federal rules.

### III. CONCLUSION

DSC has failed to meet its discovery obligations, but the Court is not convinced that its conduct warrants sanctions. Plaintiff's motion is therefore **GRANTED IN PART**. In order to permit adequate time to respond to Plaintiff's detailed discovery requests, DSC is hereby **ORDERED** to complete its responses to Plaintiff's written and document discovery, consistent with this Order, by no later than June 11, 2021. Plaintiff's requests for sanctions, attorney's fees and other relief are **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND