IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES A. SINGLER, as guardianship of Carrie Jones, | : | Case No. 1:18-cv-271 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONAGRA FOODS INC., CONAGRA BRANDS, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION
## FOR LIMITED DISCLOSURE (DOC. 66)

This matter is before the Court on Plaintiff's Motion for Limited Disclosure of certain documents designated by Defendant DS Containers, Inc. ("DSC") as "Confidential – Attorneys' Eyes Only ("AEO")" to Plaintiff's consulting expert. (Doc. 66.) DSC has filed a response in opposition (Doc. 67), to which Plaintiff has filed a reply in support of the motion (Doc. 68). The matter is ripe for review. Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

### SUMMARY OF THE PRESENT DISPUTE

Plaintiff has filed a motion:

> ask[ing] the Court to allow the ancillary disclosure of pricing documents and information to a non-competitor consulting expert for the purpose of: 1) establishing the appropriate foundation for and developing her economic feasibility claim; and 2) evaluating claims raised by Defendants

> regarding the expense to produce the cooking spray cans at issue relative to alternative cans.

(Motion for Disclosure, Doc. 66, Pg. ID 807.)

In his memorandum in support, Plaintiff contends that "a factual dispute exists regarding the cost of the product and whether cost played a role in Conagra's decision to switch to the DSC 2-piece can."[1] (*Id.* at Pg. ID 808.) Plaintiff argues that this dispute arises from Conagra's testimony (supported by other documents)[2] that there may have been a cost savings associated with the switch from the 3-piece, non-vented can,[3] to the 2-piece, vented can, when the affidavit supplied by DSC averred, in essence, that DSC charged Conagra more for the 2-piece, vented can, not the alternative 3-piece, non-vented can. (*Id.*) Because of this dispute, and even in the absence of a dispute, Plaintiff argues that it must be permitted to provide DSC's wholesale pricing information (that is, what DSC charged Conagra) for the cans, rather than the DSC affidavit which identifies the price differential between what DSC charged Conagra for each type of can but does not actually reveal the underlying prices. (*Id.*) Plaintiff argues that this information is critical to his ability to establish the feasibility of an alternative design and that without access to such information, "Plaintiff's consultant would be unable to complete an appropriate cost analysis and comparison." (*Id.* at Pg. ID 809.)

## RELEVANT PROCEDURAL BACKGROUND

The issue that is presently before the Court has been percolating, both directly and

---

[1] This is the "bottom vented" can design that was utilized in the product that injured Plaintiff.
[2] Although Plaintiff cites to certain deposition testimony and documents, neither the deposition transcript nor the documents have been filed in the record. Accordingly, the Court cannot review them.
[3] The non-vented can is alleged to be an alternative design to the vented can.

2

indirectly, for some time. For that reason, the Court's other decisions, as well as the discussion surrounding this discovery dispute, which occurred on January 25, 2021, provide useful context to the current dispute.

***Plaintiff's Motion to Compel (Doc. 50).*** In that motion, Plaintiff sought technical and cost/pricing information pertaining to both the at-issue vented can and the alternative, non-vented can. The Court noted that DSC had admitted the feasibility of the alternative design—the non-vented can.[4] However, the Court noted that it could not preclude all discovery pertaining to the non-vented can, (*see* Doc. 50, Pg. ID 551), as the jury would be called upon to decide, beyond the question of feasibility, whether the alternative design would have prevented Plaintiff's injuries in order for Plaintiff to carry his burden. Thus, the Court granted Plaintiff's Motion to Compel.

***January 25, 2021 Informal Discovery Dispute Call.*** Thereafter, the parties approached the Court with concerns about the very issue raised in this Motion. At that time, Plaintiff indicated that he wanted to be able to show his expert DSC's pricing information, and DSC offered as a compromise that it would provide an affidavit setting forth the price differential between the price it charged Conagra for both the vented and non-vented cans. The Court provided initial thoughts to counsel and encouraged counsel to continue to resolve the dispute. Thereafter, the parties submitted an addendum to the protective order, as set forth below, which required a party's permission before any AEO materials could be disclosed to third parties. (Doc. 54.)

---

[4] According to Plaintiff's reply brief, this stipulation has not been provided to Plaintiff.

3

*Plaintiff's Motion for Leave to Take A Second 30(b)(6) Deposition (Doc. 65).* In that motion, Plaintiff sought leave to take an additional Rule 30(b)(6) deposition of Conagra on four categories: (1) product complaints; (2) warnings and precautions; (3) propellants and product recipes; and (4) product cost, expense and weight. (Doc. 65, Pg. ID 796.) With regard to category 4, Plaintiff argued that the topics were relevant to economic feasibility of alternative designs for the can. But the Court recognized that Conagra was willing to stipulate to the economic feasibility of the alternative design, and therefore denied Plaintiff's motion as to this category. (*Id.* at Pg. ID 804.) In that same order, the Court "order[ed] Conagra to provide the stipulation that it has already agreed to provide in lieu of testifying regarding these topics . . . ." (*Id.*)

## LAW AND ANALYSIS

Before the Court substantively addresses this dispute, a word about the appropriate standard through which the Court views Plaintiff's disclosure request. Plaintiff's Motion, as styled and as argued, seeks a ruling from this Court permitting him to disclose the pricing information that DSC has designed as AEO, to his "non-competitor pricing expert." (*See* Doc. 66, Pg. ID 819.)

Plaintiff brings this Motion as procedurally required by the Addendum to the Protective Order, which was signed by all counsel, and which provides the protocol should one party desire to release any material designated as AEO pursuant to Paragraph 5.d of the Protective Order, which permits disclosure only to counsel, not to anyone else, such as an expert. (*See* Doc. 54.) The agreed upon procedure provides that the party desiring to disclose the material must first approach the other party and explain the

4

"relevance and necessity" of producing the designated materials. (*See id.* at Pg. ID 565.) If the parties cannot agree that the disclosure is permissible, the matter is to be escalated to the Court either through a request for an informal discovery conference, a motion to compel, or a motion for protective order. (*See id.*) Thus, based on the wording of the motion and the parties' agreed Addendum to the Protective Order, Plaintiff's Motion for Disclosure is most akin to a motion to compel.[5] The Addendum also identifies a standard for production that the documents be both relevant and necessary. (*See id.*)

Accordingly, Plaintiff, as the party requesting disclosure of the AEO material, has the burden of proving that "the information sought is relevant."[6] *Prado v. Thomas*, 3:16cv306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *Gruenbaum v. Werner*, 270 FRD 298, 302 (S.D. Ohio 2010)). Relevance is governed by the text of Rule 26(b), but the trial court retains discretion over the scope of discovery. *See* Fed. R. Civ. P. 26(b); *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018).

The Court agrees that, to prove his design defect claim, Plaintiff must establish that the foreseeable risks associated with the design exceeded the benefits associated with the design, and that this analysis includes consideration of the "technical and economic feasibility, . . . , of using an alternative design or formulation." Ohio Rev. Code § 2307.75(A), (C)(2). The Court also acknowledges that Plaintiff must prove that the

---

[5] To the extent Plaintiff contends that the issue before the Court is whether DSC's pricing information is properly designated as AEO, this argument is not properly before the Court because Plaintiff has not conferred with DSC on this point. To the contrary, prior to filing this motion, Plaintiff asked DSC to permit disclosure of AEO materials to his expert—not that DSC re-designate the material. (Doc. 66-1 at 821-23.)
[6] This relevance standard is further supported by the terminology used in the Addendum itself. (*See* Doc. 54 at Pg. ID 565.)

5

alternative design would have prevented the harm for which plaintiff seeks to recover. *See Rheinfrank v. Abbott Laboratories, Inc.*, 137 F. Supp. 3d 1035, 1039 (S.D. Ohio 2015). Indeed, the Court recognized as much in its prior orders. (*See* Doc. 50 at Pg. ID 551) (recognizing that DSC's stipulation as to economic feasibility might not permit Plaintiff to meet her burden under the statute, particularly as to whether the alternative design would prevent the injury at issue). However, the Court has also recognized discovery as to product cost, expense, and weight to be unnecessary in light of a stipulation as to economic feasibility. (*See* Doc. 65, Pg. ID 804.)

Plaintiff provides no reason for the Court to deviate from this course now. Plaintiff indicates that the purpose of the disclosure is for the expert to opine on the feasibility of the alternative product. But both Conagra and DSC have stipulated to the economic feasibility of the alternative design. (*See* Doc. 61 at Pg. ID 726; Doc. 67 at Pg. ID 840.) Because Defendants have stipulated that the alternative design is economically feasible, there is no need for Plaintiff's expert to opine as to this issue.

While Plaintiff identifies several other reasons it contends disclosure of DSC's pricing information is necessary, none mandate disclosure. For example, Plaintiff contends that disclosure is necessary to determine whether cost played a role in Conagra's decision to switch/cost savings to Conagra. However, Plaintiff's expert cannot offer testimony as to Conagra's motivations. Plaintiff also argues that he wants to test the veracity of DSC's affidavit, but he has the AEO pricing materials and can confirm the accuracy of the differentials. Plaintiff has not argued he is unable to review and compare this information himself. Finally, Plaintiff insists that DSC's manufacturing costs are

relevant to determining DSC's motive in offering the two-piece can in its portfolio. But DSC's profit margin is irrelevant because it did not choose the final can for the product—it offered both cans to Conagra, who chose the can to be used in the final product, and nonetheless, DSC has also stipulated to the economic feasibility of the alternative design. In summary, Plaintiff does not identify a single purpose in disclosing these costs to his expert outside of economic feasibility—a fact to which Defendants have stipulated.

## CONCLUSION

Accordingly, for the reasons above, the Court does not find Plaintiff's Motion to be well-taken. However, Plaintiff has represented that neither Conagra nor DSC has tendered a written stipulation to Plaintiff on the issue of economic feasibility. This is concerning to the Court, as it has previously based its discovery decisions, including this decision, on Defendants' representations that they stipulate to this issue. Indeed, the Court has previously ordered that a stipulation be presented to Plaintiff. (*See* Doc. 65 at Pg. ID 804.) Although Defendants' representations in their briefing might be sufficient to constitute a stipulation, DSC and Conagra are hereby **ORDERED** to provide Plaintiff with a stipulation regarding economic feasibility **within ten (10) days** of the date of this Order. Additionally, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**, subject to refiling should Defendants not tender a stipulation on economic feasibility.

**IT IS SO ORDERED.**

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND