IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES A. SINGLER, as guardianship of Carrie Jones, | : | Case No. 1:18-cv-271 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONAGRA FOODS INC., CONAGRA BRANDS, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER REGARDING PENDING DISCOVERY MOTIONS (DOCS. 70, 71, 75)**

This case is before the Court on several discovery motions: Plaintiff's Motion to Modify the Discovery Schedule to Obtain the Outstanding Conagra 30(b)(6) Testimony (Doc. 70), the Joint Motion to Modify Certain Scheduling Order Dates filed by Plaintiff and Defendant DS Containers ("DSC") (Doc. 71), and Defendant Conagra's Motion for Leave to File a Second Declaration in Support of Its Opposition to Plaintiff's Motion for Leave to Modify the Discovery Schedule to Obtain the Outstanding Conagra 30(b)(6) Testimony (Doc. 75).[1]  The relevant responses have been filed (*see* Docs. 72 and 73), as have the relevant replies (*see* Docs. 74).  These motions are now ripe for review.  For the reasons below, these Motions are **GRANTED**.

---
[1] This Motion was unopposed.

## PLAINTIFF'S MOTION FOR EXTENSION TO
## OBTAIN CONAGRA'S 30(B)(6) TESTIMONY (DOC. 70)

In this Motion, Plaintiff seeks an extension of the current discovery deposition deadline to obtain 30(b)(6) testimony as ordered by the Court in its May 11, 2021 Order (Doc. 65). The deadline for fact witness deposition testimony as set by this Court in December 2020 was June 25, 2021. (*See* Doc. 52.) Conagra opposes this extension, arguing that Plaintiff has not satisfied the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) to obtain a "sixth extension of the Court's schedule" to seek more time to "take testimony from Conagra in the form of a third Rule 30(b)(6) deposition." (Memo in Opp., Doc. 72, Pg. ID 869).

Plaintiff's Motion indicates: (1) counsel were discussing dates to obtain testimony as permitted by this Court's May 11, 2021 order; (2) counsel successfully scheduled the deposition of certain 30(b)(6) topics; (3) counsel had difficulty scheduling a witness on the remaining topics; (4) Conagra indicated it would have to produce a witness after the June 25, 2021 deadline, would not oppose a request that the remaining deposition occur on a mutually agreeable date following the June 25, 2021 deadline, and in fact offered dates after the June 25, 2021 deadline; (5) but then when those dates did not work for Plaintiff, Conagra refused to offer dates beyond the June 26, 2021 deadline. (*See* Motion, Doc. 70, Pg. ID 857-58.)

Conagra does not dispute this factual recitation, but instead argues that Plaintiff has not been diligent over the course of the entire case, one of Plaintiff's counsel should have been able to cover the four dates offered by Conagra, and Conagra would be

2

prejudiced by having to ask its 30(b) witness to hold dates on his calendar and continue to be threatened by Plaintiff with motions that deponents were not adequately prepared for depositions. Conagra then expresses concern as to the scope of discovery: "Conagra is concerned that the discovery directed to it in this case has been and is increasingly contrary to the proportionality limits set out in [Rule 26], and any additional time for depositions afforded to Plaintiff will result in the continued proliferation of discovery motions by Plaintiff, and baseless accusations of unprepared witnesses." (Memo in Opp., Doc. 72, Pg. ID 875.)

The Court is perplexed by the necessity of this Motion. It has already ruled that Plaintiff is entitled to a 30(b)(6) deposition on the "recipe/propellant" topics. (*See* Order, Doc. 65, Pg. ID 802-03.) Thus, Conagra's arguments pertaining to proportionality, and thus its claims of prejudice, are without merit—the Court has already ordered that this discovery is appropriate. Furthermore, to the extent that Conagra expresses concern regarding potential motions by Plaintiff regarding "unprepared witnesses," this is not the basis for Plaintiff's extension request. As such, this argument is speculative and not properly before the Court—nor is it a reason not to permit Plaintiff to obtain testimony on topics the Court has already ordered to be properly discoverable.

At the time that the Court issued its Order outlining the scope of the 30(b) deposition, the parties had 45 days to complete these depositions. Given the nature of these topics, it is unsurprising that more than one witness would be required to complete the deposition, thus involving the coordination of numerous schedules. It is not entirely unexpected that these depositions could not be completed before the fact witness

3

deposition deadline. Indeed, Conagra initially acknowledged as much when it indicated that it would not oppose a request to complete the deposition outside the June 25, 2021 deadline. It appears to the Court that counsel were communicating diligently and attempting to find an agreeable date for the deposition. It is not clear why Conagra changed its position, nor does Conagra offer any justification now. However, Conagra cannot circumvent this Court's order that Plaintiff is entitled to this testimony by refusing to provide mutually agreeable dates prior to the deadline and then objecting to Plaintiff's requested extension of this deadline.

Accordingly, Plaintiff's Motion to Extend the fact witness deposition only to obtain the outstanding 30(b) deposition is **GRANTED**.

## JOINT MOTION TO MODIFY
## CERTAIN SCHEDULING ORDER DATES (DOC. 71)

Plaintiff and DSC jointly moved the Court to extend deadlines pertaining to DSC's discovery obligations, but some of these extensions would then impact the case's deadlines pertaining to experts and dispositive motions. (*See* Joint Motion, Doc. 71, Pg. ID 862-63.) Plaintiff and DSC agree that additional time is needed to review discovery in advance of depositions. (*Id.* at Pg. ID 863-64.)

Conagra indicated that it did not oppose the extension with certain clarifications, seeking to insulate itself from further discovery and discovery motions.[2] However, the

---

[2] Conagra's response indicated no objection to the joint extension requested provided that: (1) no additional fact discovery would be directed at Conagra, "even if 'new' information is provided by DSC in the intervening months of additional DSC-related discovery;" (2) the extension would "not provide a basis for filing stale discovery motions relating to Conagra's prior fact discovery responses or deposition testimony;" and (3) the Court set a date for expert disclosures. (Resp., Doc. 73, Pg. ID 882.)

4

Court can provide none of the assurances Conagra seeks, because to do so would render an advisory opinion as to issues not properly before it.

Having reviewed the Joint Motion, and finding good cause has been shown, the Court finds the Joint Motion to be well-taken.

## A FINAL CONSIDERATION

The Court is concerned by the need for Plaintiff's Motion to Modify (Doc. 70). Not just because the Court has already ordered that Plaintiff is entitled to the deposition that is the subject of the Motion, but more so because the parties could not work cooperatively to find a mutually-agreeable date on which to conduct this deposition. Or, agree to extend the pertinent deadlines to accommodate this deposition—especially in light of the Joint Motion (Doc. 71) which would be extending other case deadlines. Moreover, the Court notes that this case has had a significant amount of motion practice directed to discovery disputes. The Court should not be asked to referee counsel's inability to work through scheduling conflicts. As such, counsel is reminded of the Introductory Statement on Civility contained in the Local Rules of the Southern District of Ohio, particularly the paragraph on common courtesy and suggests implementation of the same.

Accordingly, for the reasons set forth above, and for good cause shown:

(1) Plaintiff's Motion to Modify the Discovery Schedule to Obtain the Outstanding Conagra 30(b)(6) Testimony (Doc. 70), be and is hereby **GRANTED**. The parties **SHALL** work cooperatively to find a mutually agreeable date on which the Rule 30(b)(6) deposition on the "recipe/propellant" topics will occur. This deposition **SHALL** occur by **November 24, 2021**;

(2) the Joint Motion to Modify Certain Scheduling Order Dates filed by Plaintiff and DSC (Doc. 71), be and is hereby **GRANTED**. The parties should proceed to conclude written discovery, document production, and the depositions associated with DSC as set forth in the Joint Motion (*see id.* at Pg. ID 862-63);

(3) Defendant Conagra's Motion for Leave to File a Second Declaration in Support of Its Opposition to Plaintiff's Motion for Leave to Modify the Discovery Schedule to Obtain the Outstanding Conagra 30(b)(6) Testimony (Doc. 75), be and is hereby **GRANTED**;

(4) A telephonic scheduling conference to set the remaining calendar dates is hereby **SET** for October 27, 2021 at 9:00 a.m.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND